UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------x
HEBEI MOUNTAIN SHIPPING CO., LTD.,   :

                                     :
             Plaintiff,              :    ECF
                                     :    **VERIFIED COMPLAINT**
        -against-                    :
                                     :
MERCATOR LINES LTD. and MERCATOR     :
INTERNATIONAL LTD.,                  :
                                     :
             Defendants.             :
-------------------------------------x



    Plaintiff, HEBEI MOUNTAIN SHIPPING CO., LTD. (hereinafter referred to as "Hebei"), by and through its attorneys, Cardillo & Corbett, as and for its Verified Complaint against the Defendant MERCATOR LINES LTD. (hereinafter referred to as "Mercator") and Defendant MERCATOR INTERNATIONAL LTD. (hereinafter referred to as "International") alleges, upon information and belief as follows:

### JURISDICTION

    1.   This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

### THE PARTIES

    2.   At all material times to this action Hebei was, and still is, a foreign business entity duly organized and existing under the laws of Hong Kong.

    3.   Hebei is and was at all material times the registered owner of the M/T HEBEI MOUNTAIN (the "Vessel").

4. At all times material to this action, Mercator, was and still is, a foreign business entity organized and existing under the laws of a foreign country with an address at 83-87 B'Wing, Mittal Towers, Nariman Point, Mumbai 400021, India, and was at all material times the charterer of the Vessel.

5. At all times material to this action, International, was and still is, a foreign business entity organized and existing under the laws of a foreign country with an address at 9 Temasek Boulevard, #42-01B Suntec City Tower 2, Singapore 038989, and at all material times guaranteed Mercator's performance under the charter party described hereinbelow.

### HEBEI'S CLAIM AGAINST MERCATOR

6. Hebei repeats and realleges each and every allegation contained in paragraphs 1-5 of this Complaint as if set forth at length herein.

7. By a voyage charter party dated October 8, 2007, Hebei, as Owner, chartered the Vessel to Mercator, as Charterer, to carry a cargo of crude oil of approximately 280,000 metric tons from Iran to India (the "Charter Party").

8. The vessel earned freight for the voyage in the amount of $836,356.76. Pursuant to the Charter Party freight was payable upon completion of discharge.

9. Hebei has demanded payment of said freight, but Mercator has failed and refused to pay.

10. The Charter Party provides that any disputes arising under the Charter Party shall be referred to arbitration in India under Indian law.

11. Hebei reserves the right to demand arbitration from Mercator pursuant to the terms of the Charter Party.

12. Interest, costs and attorneys' fees are routinely awarded to the prevailing party by arbitrators in India pursuant to Indian law. As best as can now be estimated, the following amounts can be expected to be recovered in the action.

| | | |
|---|---|---|
| A. | On the principal claim: | $836,356.76 |
| B. | Interest, arbitration fees and attorneys' fees: | $160,181.00 |
| | TOTAL: | $996,537.76 |

### HEBEI'S CLAIM AGAINST INTERNATIONAL

13. Hebei repeats and realleges each and every allegation contained in paragraphs 1-12 of this Complaint as if set forth herein.

14. Notice of Mercator's refusal to pay the freight was given to International. Although International guaranteed Mercator's performance, International has failed and refused to pay the outstanding freight.

15. The Charter Party provides that any disputes arising under the Charter Party shall be referred to arbitration in India under Indian law.

16. Hebei reserves the right to demand arbitration from International pursuant to the terms of the Charter Party.

17. Interest, costs and attorneys' fees are routinely awarded to the prevailing party by arbitrators in India pursuant to Indian law. As best as can now be estimated, the following amounts can be expected to be recovered in the action.

| | | |
|---|---|---|
| A. | On the principal claim: | $836,356.76 |
| B. | Interest, arbitration fees and attorneys' fees: | $160,181.00 |
| TOTAL: | | $996,537.76 |

## DEFENDANTS NOT FOUND WITHIN THE DISTRICT

18. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, property within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro Bank NV, American

4

Express Bank, Bank of America, Bank of Communications Co. Ltd. New York Branch, Bank of New York, Barclays Bank, BNP Paribas, Citibank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, UBS AG and/or Wachovia Bank, which are believed to be due and owing to the Defendants.

19.   Plaintiff Hebei seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia,* any property of the Defendants held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendants, and to secure Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A.   That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B.   That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of

5

the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN Amro Bank NV, American Express Bank, Bank of America, Bank of Communications Co. Ltd. New York Branch, Bank of New York, Barclays Bank, BNP Paribas, Citibank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, UBS AG and/or Wachovia Bank, which are due and owing to the Defendants, in the amount of $996,537.76 to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

   C. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

   D. That the Plaintiff has such other, further and

different relief as the Court may deem just and proper.

Dated:   New York, New York
         December 3, 2007

                                  CARDILLO & CORBETT
                                  Attorneys for Plaintiff
                                  HEBEI MOUNTAIN SHIPPING CO.,LTD

                        By: _____
                             James P. Rau (JR 7209)

                                  Office and P.O. Address
                                  29 Broadway, Suite 1710
                                  New York, New York 10006
                                  Tel: (212) 344-0464
                                  Fax: (212) 797-1212

**ATTORNEY'S VERIFICATION**

State of New York )
                  ) ss.:
County of New York)

    1.    My name is James P. Rau.

    2.    I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

    3.    I am a partner in the firm of Cardillo & Corbett, attorneys for the Plaintiff.

    4.    I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

    5.    The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

    6.    The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

    7.    I am authorized to make this Verification on

8

behalf of the Plaintiff.

_____
James P. Rau

Sworn to this 3rd day
of December, 2007

_____
NOTARY PUBLIC

CHRISTOPHIL B. COSTAS
Notary Public, State of New York
No. 31-0773693
Qualified in New York County
Commission Expires April 30, 2011

9